**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHRONIC DISEASE FUND, INC. d/b/a GOOD DAYS, <br><br> Plaintiff, <br><br> v. <br><br> ROBERTO CASTELLANOS and HEALTH EXPERIENCES, INC., <br><br> Defendants. | Case No. _____ <br><br> **JURY DEMANDED** |

## COMPLAINT

Plaintiff Chronic Disease Fund, Inc. d/b/a Good Days ("**Good Days**") hereby alleges for its complaint against Defendants Roberto Castellanos and Health Experiences, Inc., as follows:

### Nature of the Case

1. This dispute involves a claim of trademark infringement.

2. Plaintiff Good Days is a not-for-profit corporation assisting persons afflicted with chronic diseases. Good Days raises funds and provides grants, education, and financial, educational, and emotional support for such persons and their families. Since it was founded in 2003, Good Days has touched and benefitted the lives of millions of people.

3. With knowledge of Good Days' prior use of the name and service mark GOOD DAYS, Defendants adopted and announced "BetterDays" as the name for a business that also purports to provide support for persons afflicted with chronic diseases.

4. On April 22, 2021, Good Days' counsel sent a letter to Defendant Health Experiences, Inc., explaining Good Days' concerns regarding Defendants' adoption of the name "BetterDays" as a brand name for providing services that are the same as, or closely related to,

services that Good Days has long provided in connection with its registered GOOD DAYS service mark, as well as Defendants' presentation of branding in the same red, orange, and light-blue color scheme that Good Days uses and its use of a similar gracefully airborne object (a balloon instead of a kite). Good Days asked BetterDays to change its name and branding and offered a reasonable period of time for it to do so. BetterDays responded by letter dated May 7, 2021, stating its refusal to comply with Good Days' requests.

## Parties

5. Plaintiff Chronic Disease Fund, Inc., is a not-for-profit corporation organized under the laws of New Jersey, with a principal place of business at 2611 Internet Boulevard, Suite 105, Frisco, TX 75034.

6. Since 2014, Chronic Disease Fund, Inc., has done business as "Good Days" and has used GOOD DAYS as a service mark for services that include fundraising and providing financial assistance, education, and other support for persons afflicted with chronic diseases.

7. Defendant Roberto Castellanos is an individual residing, on information and belief, at 2616 N. Hampden Ct., Apt. 10, Chicago, IL 60614.

8. On information and belief, Defendant Health Experiences, Inc., is a for-profit corporation organized under the laws of Delaware with a registered business address at 515 Pinchon Place, Alpharetta, GA 30022.

9. On information and belief, the registered business address of Health Experiences, Inc., is merely a residential home belonging to Defendant Castellanos's father.

10. On information and belief, Roberto Castellanos and/or Health Experiences, Inc., do business as "BetterDays."

11. On information and belief, Defendant Roberto Castellanos is the CEO of the business operating under the name "BetterDays" and has directed, authorized, and/or actively participated in the acts complained of herein.

## Jurisdiction

12. This action arises under the Lanham Act of 1946, as amended, 15 U.S.C. § 1051 *et seq*. This Court has jurisdiction over the subject matter of Counts I and II pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338. This Court has jurisdiction over claims in this Complaint that arise under state law pursuant to 28 U.S.C. §§ 1367(a) and 1338(b) because those claims are so related to the federal claims arising under the Lanham Act that they form part of the same case or controversy and derive from a common nucleus of operative facts.

13. This Court has jurisdiction over Defendants because, on information and belief, Defendant Castellanos resides in this judicial district and directs the activities complained of herein, including those of Defendant Health Experiences, Inc., from within this judicial district.

14. The Northern District of Illinois is a proper venue for this action pursuant to 28 U.S.C. § 1391.

## Facts

### *Good Days and Its Distinctive Trademarks and Trade Dress*

15. Good Days' mission is to lift the burdens of illness that force people to choose between available care and the necessities of everyday life. Though its fundraising efforts, Good Days was able to provide grants to over 230,000 individuals last year alone, helping them to obtain more affordable medical treatment. In addition to raising money to provide direct financial assistance to those in need of care, Good Days helps to create, connect, and educate communities of individuals facing similar situations with their health.

16. Good Days also publishes a blog and newsletter devoted to providing patient stories and information about chronic diseases, treatment, and support options.

17. Good Days has used GOOD DAYS as a service mark continuously since at least as early as 2011.

18. Good Days has adopted GOOD DAYS as a trade name in or around 2014 and has operated continuously under that name since that time.

19. Good Days owns the following federal trademark registrations for the GOOD DAYS name and mark, each covering charitable fundraising services:

| Mark | Reg. No. | Filing Date |
|---|---|---|
| good days (logo) | 5,645,131 | 12/28/2017 |
| gooddays (logo) | 5,300,909 | 3/10/2017 |
| GOOD DAYS | 4,057,593 | 1/10/2011 |

20. Each of the registrations cited in the preceding paragraph (collectively, the "**GOOD DAYS Marks**") is valid, subsisting, and in full force and effect. U.S. Registration No. 4,057,593 has become incontestable within the meaning of 15 U.S.C. §§ 1065 and 1115(b).

21. Good Days has also acquired significant common law rights in the GOOD DAYS Marks.

22. As a result of Good Days' extensive promotion of the GOOD DAYS Marks and services provided in connection with those marks, in addition to unsolicited third-party recognition of Good Days and the GOOD DAYS Marks, the GOOD DAYS Marks are commercially strong and well known among consumers and potential consumers of Good Days' services, donors, and medical professionals. In 2019, Good Days placed in the NonProfit Times Top 100 list, joining the company of such organizations as The Salvation Army, Habitat for Humanity, and the American Red Cross.

23. Good Days is also known for having spearheaded the recognition of July 10 as "Chronic Disease Day," which is now recognized by state and city governments across America.

24. Since at least as early as 2011, Good Days, has presented its mark with a red, orange, and light blue color scheme (the "**Good Days Color Scheme**"), as shown, for example, in the image below:



25. Good Days also uses the Good Days Color Scheme in its newsletter and marketing materials and on its website at mygooddays.org.

*BetterDays and Its Infringing Acts*

26. On April 2, 2021, the following post appeared on Defendant Castellanos's Facebook page (https://www.facebook.com/robert.castellanos.257):



27. Defendant Castellanos's Facebook page (https://www.facebook.com/robert.castellanos.257/about) identifies him as Founder and CEO at BetterDays.

28. Defendant Castellanos's LinkedIn profile (https://www.linkedin.com/in/robertocastellanos/) identifies him as Founder and CEO at BetterDays and states that he resides in the Greater Chicago Area.

29. On April 1, 2021, what is now the Facebook page of BetterDays (https://www.facebook.com/findbetterdays) posted an announcement: "We are excited to announce Syndio Health is now Better Days! Come join our community and let's take on chronic illness, together: https://join.findbetterdays.com." On information and belief, this Facebook page previously belonged to Syndio Health, an entity managed by Defendant Castellanos.

30. The BetterDays Facebook page and website make prominent use of a red, orange, and light blue color scheme that is confusingly similar to the Good Days Color Scheme, which has been used by Good Days since well before Defendants announced the launch of BetterDays.

31. The BetterDays Facebook page and website also evoke the kite element that is part of some of the GOOD DAYS Marks by using another gracefully airborne object, a balloon.

6

32. Defendants' "BetterDays" word mark is highly similar to Good Days' GOOD DAYS mark in sight, sound, and commercial impression. The similarity is exacerbated by Defendants' use of a color scheme that is similar to the Good Days Color Scheme and by a balloon, which evokes the same commercial impression as the kite used in GOOD DAYS Marks.

33. Defendants promote their "BetterDays" services to consumers throughout the United States, including through the website findbetterdays.com and through Facebook and other social media.

34. Good Days and Defendants service or target the same class of consumers, namely, individuals who suffer from a wide range of chronic diseases and entities that provide financial services, support, and treatment to such individuals.

35. Defendant Castellanos states in a video posted at www.findbetterdays.com that, in seeking support and information about his own chronic disease, ankylosing spondylitis, he "explored every single corner of the web." It is therefore inconceivable that he was not aware of Good Days, the GOOD DAYS Marks, and the Good Days Color Scheme prior to adopting the BetterDays mark and color scheme. Furthermore, Defendant Castellanos is related to the founder of Good Days and had reached out to him for consulting. Good Days' founder advised Defendant Castellanos that the BetterDays branding looked like it had been copied from Good Days.

## Count I

### Infringement of Federally Registered Trademarks
### (15 U.S.C. § 1114(a))

36. Good Days adopts and incorporates by reference paragraphs 1–35 as if fully restated herein.

37. Good Days owns and has rights to use its federally registered GOOD DAYS Marks in connection with, among other things, fundraising services related to assisting individuals who suffer from chronic diseases.

38. Defendants use the mark "BetterDays" in connection with services related to assisting individuals who suffer from chronic diseases.

39. Good Days' rights in the GOOD DAYS Marks predate Defendants' first use of "BetterDays" as a trade name, trademark, or service mark.

40. Defendants' "BetterDays" mark is highly similar to the GOOD DAYS Marks in sight, sound, and commercial impression.

41. The services in connection with which Defendants use the "BetterDays" marks are the same as, or closely related to, the services in connection with which Good Days uses the GOOD DAYS Marks.

42. Defendants' use of the "BetterDays" mark is likely to cause confusion with the GOOD DAYS Marks in violation of Section 32 of the Lanham Act, as amended, 15 U.S.C. § 1114.

43. As a direct and proximate result of Defendants' unauthorized use of the "BetterDays" name and mark, Good Days has suffered and will continue to suffer substantial injury and irreparable damage to its business, reputation, and goodwill.

44. By using the "BetterDays" mark without Good Days' approval or consent, and with knowledge of Good Days' prior rights in its GOOD DAYS Marks, Defendants have willfully infringed upon the rights of Good Days with an intent to trade upon the goodwill associated with Good Days and the GOOD DAYS Marks.

45. Good Days is without an adequate remedy at law to redress Defendants' acts complained of herein and will be irreparably harmed unless Defendants are enjoined from committing and continuing to commit such acts.

## Count II

### False Designation of Origin
### (15 U.S.C. § 1125(a))

46. Good Days adopts and incorporates by reference paragraphs 1–35 as if fully restated herein.

47. Through longstanding use of the GOOD DAYS Marks, Good Days owns and has rights to use the GOOD DAYS Marks in connection with various financial, educational, and emotional support services related to providing assistance to individuals afflicted with chronic diseases.

48. Defendants use the "BetterDays" mark in connection with services that are the same as, or closely related to, services that Good Days provides under its GOOD DAYS Marks.

49. Good Days' adoption and use of the GOOD DAYS Marks arose prior to any use Defendants have made of the "BetterDays" mark.

50. The similarity between the "BetterDays" word mark and the GOOD DAYS Marks is exacerbated by Defendants' use of a color scheme that is similar to the Good Days Color Scheme and by a balloon image, which evokes the same commercial impression as the kite used in GOOD DAYS Marks.

51. Defendants' use of the "BetterDays" mark is likely to cause confusion with Good Days' use of its GOOD DAYS Marks in violation of Section 43(a) of the Lanham Act, as amended, 15 U.S.C. § 1125(a).

52. As a direct and proximate result of Defendants' unauthorized use of the mark "BetterDays," Good Days has suffered and will continue to suffer substantial injury and irreparable damage to its business, reputation, and goodwill.

53. By using the mark "BetterDays" without Good Days' approval or consent, and with knowledge of Good Days' prior rights in its GOOD DAYS Marks, Defendants have willfully infringed upon the rights of Good Days with an intent to trade upon the goodwill associated with Good Days and the GOOD DAYS Marks.

54. Good Days is without an adequate remedy at law to redress Defendants' acts complained of herein and will be irreparably harmed unless Defendants are enjoined from committing and continuing to commit such acts.

## Count III

### Violation of Illinois Uniform Deceptive Trade Practices Act
### (815 ILCS 510/1 *et seq.*)

55. Good Days adopts and incorporates by reference paragraphs 1–54 as if fully restated herein.

56. Defendants have used and are using the "BetterDays" mark in connection with the sale, offering for sale, distribution, promotion, and/or advertising of services in commerce in such a manner as to cause a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of such services.

57. As a direct and proximate result of Defendants' unauthorized use of the "BetterDays" mark, Good Days has suffered and will continue to suffer substantial injury and irreparable damage to its business, reputation, and goodwill.

58. By using the "BetterDays" mark without Good Days' approval or consent, and with knowledge of Good Days' rights in its GOOD DAYS Marks, Defendants have willfully infringed upon the rights of Good Days.

59. Good Days is without an adequate remedy at law to redress Defendants' acts complained of herein and will be irreparably harmed unless Defendants are enjoined from committing and continuing to commit such acts.

60. Defendants' acts complained of herein thus violate the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq.*

### Count IV

### Violation of Illinois Unfair Business Practices Act
### (815 ILCS 505/1 *et seq.*)

61. Good Days adopts and incorporates by reference paragraphs 1–60 as if fully restated herein.

62. Defendants' acts complained of herein violate the Illinois Unfair Business Practices Act, 815 ILCS 505/1 *et seq.*

63. As a result of Defendants' acts complained of herein, Good Days has been harmed.

### Prayer for Relief

WHEREFORE, Good Days requests that judgment be granted in Good Days' favor and against Defendants and that this Court award it the following relief:

(a) A permanent injunction against Defendants Roberto Castellanos and Health Experiences, Inc., and all those in active concert or participation with either or both Defendants, prohibiting them using the BetterDays mark or any other mark that is confusingly similar to GOOD DAYS and from using the Good Days Color Scheme or anything confusingly similar to the Good Days Color Scheme;

(b) Damages in an amount to be proven at trial sufficient to compensate Good Days for all damages caused by Defendants' conduct, with such damages to be trebled if appropriate within the Court's discretion;

(c) Disgorgement of all profits or other unjust enrichment obtained by Defendants as a result of Defendants' conduct complained of herein, with the amount of such profits increased to the extent they are inadequate to compensate Good Days for the harm incurred as a result of Defendants' acts;

(d) Reimbursement of all allowable costs associated with this action;

(e) Payment of Good Days' attorneys' fees under 15 U.S.C. § 1117 and/or 815 ILCS 510/3;

(f) Pre- and post-judgment interest; and

(g) Any and all additional relief that this Court deems just.

## Jury Demand

Good Days hereby demands a trial by jury on all issues as to which trial by jury is allowed.

Dated: May 14, 2021

Respectfully submitted,

/s/Floyd A. Mandell
Floyd A. Mandell
Jeffrey A. Wakolbinger
Catherine E. O'Brien
KATTEN MUCHIN ROSENMAN LLP
525 West Monroe Street
Chicago, IL 60661
Telephone: (312) 902-5200
Fax: (312) 902-1061
floyd.mandell@katten.com
jeff.wakolbinger@katten.com
catherine.obrien@katten.com

*Attorneys for Chronic Disease Fund, Inc. d/b/a Good Days*